FILED 06 NOV '12 13:27 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN S. VETTRUS,

        Plaintiff,

    v.

BANK OF AMERICA, N.A., a
national association; U.S.
BANK, N.A., as successor
trustee for the certificate
holders of Merrill Lynch
Mortgage Investors Trust,
Mortgage Loan Asset-Backed
Certificates, Series 2006-FF1;
and RECONTRUST COMPANY, N.A.,
a national association;

        Defendants.

Case No. 6:12-cv-00074-AA
OPINION AND ORDER

---

John S. Vettrus
5921 Montvallo St. S.E.
Salem, Oregon 97306
    Pro se plaintiff

Gregory A. Chaimov
Elleanor H. Chin
Davis Wright Trmaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
    Attorneys for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Bank of America, N.A. ("BOA"), U.S. Bank, N.A., as successor trustee to BOA, as successor trustee to LaSalle Bank, N.A., as trustee for certificate holders of Merrill Lynch Mortgage Investors Trust, mortgage loan asset-backed certificates, series 2006-FFI ("U.S. Bank"), and ReconTrust Company, N.A. ("ReconTrust") move to dismiss plaintiff John Vettrus' first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition, defendants filed a motion for judicial notice. For the reasons set forth below, defendants' motions are granted.

## BACKGROUND

In April 2004, plaintiff took out a mortgage loan from First Franklin Financial Corporation ("Franklin"), in the amount of $168,000, to purchase a residential property ("Property"). Pursuant to this transaction, plaintiff executed a promissory note ("Note") in favor of Franklin; the Note was secured by a deed of trust ("DOT"), which lists Franklin as the lender and LandAmerica Lawyers Title as the trustee.[1]  The DOT was duly recorded in Marion County, Oregon.

Pursuant to the DOT, plaintiff agreed to make monthly mortgage

---

[1] Plaintiff attached the DOT, Note Allonge, Assignment of the DOT, Appointment of Successor Trustee, and Notice of Default and Election to Sell to his amended complaint; he also incorporated these materials by reference. See Am. Compl. Exs. 1-5. As such, the Court considers these documents pursuant to defendants' motion to dismiss.

payments as required under the Note. Plaintiff also agreed that he would be in default, and subject to foreclosure, if he failed to make such payments. In addition, the DOT stipulated that Franklin could appoint a loan servicer. Accordingly, at some point after the loan was originated, BOA began servicing plaintiff's loan.

In October 2010, plaintiff stopped making the requisite loan repayments, thereby materially defaulting. On August 9, 2011, Franklin assigned its interest in the DOT to U.S. Bank. Also on August 9, 2011, U.S. Bank appointed ReconTrust to serve as successor trustee. That same day, ReconTrust executed a Notice of Default and Election to Sell the Property. The Assignment of the DOT, Appointment of Successor Trustee, and Notice of Default and Election to Sell were documented in the official records of Marion County. A trustee's sale was scheduled for December 21, 2011.

On December 19, 2011, plaintiff filed a complaint in Marion County Circuit Court. With his complaint, plaintiff also filed a motion for a temporary restraining order ("TRO"), in which he requested that defendants be enjoined from non-judicially foreclosing. The Circuit Court granted the TRO contingent upon plaintiff posting a $1500 bond. On January 13, 2012, defendants removed plaintiff's claims to this Court.

On February 22, 2012, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim. On May 25, 2012, defendants rescinded the Notice of Default and Election to

Page 3 - OPINION AND ORDER

Sell, thereby cancelling the trustee's sale and non-judicial foreclosure proceedings. On July 13, 2012, this Court granted defendants' motion and dismissed plaintiff's claims with leave to amend; however, because plaintiff did not comply with the Circuit Court's bond requirement, this Court ordered plaintiff to "pos[t] a bond or mak[e] a deposit in the Court's registry, in the amount of $1500, within twenty days of the date of this opinion." Vettrus v. Bank of Am., N.A., 2012 WL 2905167, *10 (D.Or. July 13, 2012). On July 27, 2012, this Court again ordered plaintiff to post a $1500 bond in order to retain the TRO; plaintiff has yet to comply with this Court's orders.

On August 23, 2012, plaintiff filed an amended complaint, alleging: (1) wrongful foreclosure; (2) violations of Oregon's Unlawful Trade Practices Act ("UPTA"); and (3) breach of contract. In addition, plaintiff seeks a declaration regarding the respective rights of the parties, as well as a declaration that defendants violated the Oregon Trust Deed Act ("OTDA") and the UTPA.

**STANDARD OF REVIEW**

Where the court lacks subject-matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). A motion to dismiss a case as moot is appropriately raised pursuant to Fed. R. Civ. P. 12(b)(1).[2] Gemtel Corp. v. Cmty. Redev. Agency, 23 F.3d 1542, 1544

_____

[2] Defendants move to dismiss this action solely pursuant to Fed. R. Civ. P. 12(b)(6), yet they also argue that plaintiff's wrongful foreclosure and declaratory relief claims are moot. See

(9th Cir. 1994). The party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists. See, e.g., Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). In such instances, the court may hear evidence regarding subject-matter jurisdiction and resolve factual disputes where necessary; however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to

Defs.' Mot. Dismiss 1; see also Defs.' Mem. in Supp. of Mot. Dismiss 4-5. Because federal courts have an independent duty to address issues of subject-matter jurisdiction before reaching the substantive merits of a claim, it is appropriate for this Court to determine whether dismissal is also appropriate under Fed. R. Civ. P. 12(b)(1). See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004).

nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

## DISCUSSION

Defendants contend that plaintiff's first amended complaint fails both at the pleadings level and as a matter of law. Further, defendants argue that, because they have abandoned non-judicial foreclosure and plaintiff has not sustained any damages, this case should be dismissed with prejudice.

### I.   Motion for Judicial Notice

In support of their motion to dismiss, defendants request judicial notice of the Recision of the Notice of Default and Election to Sell, which was publicly-recorded in Marion County. See Chin Decl. ¶ 2 & Ex. A (Sept. 10, 2012). Plaintiff did not file an opposition to defendants' request for judicial notice.

Review of a Rule 12(b)(6) motion is generally limited to the complaint. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). The court nonetheless "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can

Page 6 - OPINION AND ORDER

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes facts contained in the public record because they "are readily verifiable." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Here, because the document that defendants seek judicial notice of is part of the public record, such that its accuracy cannot reasonably be questioned, judicial notice is proper. Therefore, defendants' motion for judicial notice is granted.

II. Motion to Dismiss

Defendants contend that plaintiff's wrongful foreclosure claim is moot because they rescinded the allegedly wrongful non-judicial foreclosure and instead are pursuing judicial foreclosure. In addition, defendants argue that "[p]laintiff cannot avail himself of relief under [the UTPA] because he has not been injured"; similarly, plaintiff's breach of contract "claim fails because he did not identify [d]efendants' breach or his own resulting injury." Defs.' Mem. in Supp. of Mot. Dismiss 2. Finally, defendants assert that plaintiff's declaratory relief claims fail because there is no justiciable controversy.

Conversely, plaintiff argues that his wrongful foreclosure claim is not moot because defendants could reinitiate the non-judicial foreclosure at any time. Plaintiff, however, does not address defendants' other arguments in favor of dismissal.

Page 7 - OPINION AND ORDER

A.    Wrongful Foreclosure Claim

Plaintiff first alleges that defendants violated the OTDA by "[f]ailing to record all assignments [of the DOT] or promissory note prior to initiating foreclosure," "[f]iling a false assignment of [the DOT] in support of their foreclosure action," and "conducting a non-judicial foreclosure without proper authority." Am. Compl. ¶ 18.

Plaintiff's claim is dismissed for two reasons. First, this Court lacks subject-matter jurisdiction because the non-judicial foreclosure at issue was abandoned. Article III requires that federal courts preside over actual cases or controversies; accordingly, "[f]ederal courts lack [subject-matter] jurisdiction to decide moot cases." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984) (citations omitted); see also Western Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990), cert. denied, 498 U.S. 1067 (1991) ("the mootness inquiry asks whether there is anything left for the court to do").

Here, defendants have rescinded their non-judicial foreclosure; while they have not yet initiated a judicial foreclosure action on the Property, they clearly intend to do so. See Chin Decl. ¶¶ 2-3 (Oct. 29, 2012); see also Defs.' Reply to

Page 8 - OPINION AND ORDER

Mot. Dismiss 5. Plaintiff may then allege defendants' wrongful actions in defending against their claim for foreclosure of a security interest. Accordingly, plaintiff will not be deprived of the Property without proper judicial oversight.

In addition, plaintiff's concern that defendants could "bring another non-judicial foreclosure to the table" is unfounded. Pl.'s Resp. to Mot. Dismiss 10. Oregon law precludes the holder of the security instrument, or one of its agents, from pursuing one remedy if another has been instituted to recover the debt secured by the trust deed. McDaniel v. BAC Home Loans Servicing, LP, 2011 WL 3841588, *4 (D.Or. Aug. 29, 2011) (citation omitted); see also Memmott v. OneWest Bank, FSB, 2011 WL 1560985, *11 (D.Or. Feb. 9), adopted as modified, 2011 WL 1559298 (D.Or. Apr. 25, 2011) ("when a debtor defaults on a deed of trust, the holder of the security interest may pursue one of three remedies [which] are mutually exclusive," citing Or. Rev. Stat. §§ 86.770(2), 86.753(4); and In re Daraee, 279 B.R. 853, 858 (Bankr.D.Or. 2002)). Further, the mere fact that defendants could rescind the judicial foreclosure and seek another remedy is speculative. This Court cannot preside over hypothetical claims that are not yet ripe.

Regardless, it is well-established that, when a non-judicial foreclosure sale is rescinded, "any claims premised on the non-judicial foreclosure are rendered moot." Thomas v. OneWest Bank, FSB, 2012 WL 2049462, *2 (D.Or. June 4, 2012) (citing Fisher v.

Page 9 - OPINION AND ORDER

Mortg. Elec. Registration Sys., Inc., 2011 WL 7024965, *2 (D.Or. Oct. 26, 2011), adopted by 2012 WL 112884 (D.Or. Jan. 12, 2012); Delaney v. OneWest Bank, FSB, 2011 WL 1706735, *2 (D.Or. May 5, 2011); Tabb v. OneWest Bank, FSB, 2011 WL 4448752, *8 (D.Or. Aug. 26, 2011)); and McDaniel, 2011 WL 3841588 at *4); see also Durham v. Bank of N.Y. Mellon, 2012 WL 2529188, *2-3 (D.Or. June 28, 2012). Moreover, Oregon does not recognize a claim for wrongful attempted foreclosure. See Hartley v. Fed. Nat'l Mortg. Ass'n, 2012 WL 775679, *3 (D.Or. Mar. 5, 2012) (citations omitted); Durham, 2012 WL 2529188 at *2; Tabb, 2011 WL 4448752 at *8-9. Thus, because defendants are now pursuing judicial foreclosure, there is nothing left for this Court to do in regard to defendants' allegedly wrongful non-judicial foreclosure. Therefore, plaintiff's first claim is moot and defendants' motion is granted as to this issue.

Second, to the extent that plaintiff's claim is premised on defendants' lack of standing to foreclose, his claim is rejected. As this Court explained in its previous opinion, the "OTDA 'does not require presentment of the Note or any other proof of real party in interest or standing other than the Deed of Trust.'" Vettrus, 2012 WL 2905167 at *6 (quoting Beyer v. Bank of Am., 800 F.Supp.2d 1157, 1159 (D.Or. 2011)). Further, transfers of the promissory note need not be recorded under Oregon law. Branson v. Recontrust Co., N.A., 2012 WL 1473395, *4 (D.Or. Apr. 26, 2012)

Page 10 - OPINION AND ORDER

(citations omitted). For these additional reasons, defendants'
motion is granted.

Finally, while not dispositive, it should be noted that
plaintiff has repeatedly violated both the Marion County Circuit
Court's and this Court's orders to post a $1500 bond in order to
maintain the TRO. See Vettrus, 2012 WL 2905167 at *1, 10. Not
only has plaintiff failed to fulfill this requirement, he has also
failed to provide any explanation for the nearly year long delay in
doing so. Plaintiff's attempt to now extract damages from
defendants' withdrawn non-judicial foreclosure, while at the same
time remaining in the Property for two years without making any
payments whatsoever on the Note, is not well taken.

B.   Unfair Trade Practices Claim

Plaintiff   next   alleges   that   defendants   engaged   in
"unconscionable tactics unrelated to any default by [p]laintiff" by
misrepresenting their authority to foreclose, failing to record all
assignments of the DOT, recording an assignment of the DOT "that
contains false information," assessing "improper and unauthorized
fees or charges," attempting "to collect a debt under false
pretenses," creating confusion as to the parties' relationship,
"misrepresenting   information,"   and   "refusing   to   deal   with
[p]laintiff in good faith." Am. Compl. ¶ 21.

The UPTA extends a private cause of action to "any person who
suffers any ascertainable loss of money or property" as a result of

Page 11 - OPINION AND ORDER

an unlawful trade practice. Or. Rev. Stat. § 646.638(1). A person engages in an unlawful practice when, in the course of business, he or she "[e]mploys any unconscionable tactic in connection with the sale [or] other disposition of real estate . . . or collection or enforcement of an obligation." Or. Rev. Stat. § 646.607(1). Thus, to prevail under UPTA, a plaintiff must prove: (1) the existence of an unfair trade practice; (2) causation; and (3) damages. Feitler v. Animation Celection, Inc., 170 Or.App. 702, 708, 13 P.3d 1044 (2000).

Plaintiff's claim fails at the pleading level, as his allegations regarding defendants' allegedly unfair trade practices are conclusory and devoid of factual support. For example, plaintiff does not identify which fees or charges were "improper and unauthorized" or which information defendants allegedly misrepresented; the amended complaint also does not specify how defendants failed to exercise good faith in its dealings with plaintiff. In addition, as discussed above, defendants have abandoned the non-judicial foreclosure and Oregon law does not recognize a cause of action for attempted wrongful non-judicial foreclosure. As a result, plaintiff is unable to demonstrate that defendants' commencement, and subsequent rescission, of a non-judicial foreclosure was an unconscionable tactic.

Even assuming that plaintiff sufficiently alleged the existence of an unfair trade practice, he nonetheless failed to

Page 12 - OPINION AND ORDER

establish causation.   Contrary to his conclusory assertion, defendants' commencement of the non-judicial foreclosure, which gave rise to all of the allegedly "unconscionable tactics" at issue, was the direct result of plaintiff's failure to repay the Note.  As noted in this Court's previous opinion:

> Plaintiff concedes that he has been in material default under the Note for almost two years.   The DOT unambiguously grants defendants the right to foreclose under these circumstances. Thus, even assuming that the non-judicial foreclosure proceedings were contrary to law, plaintiff failed to demonstrate that defendants' actions are attributable to anything other than his own failure to repay the Note.

Vettrus, 2012 WL 2905167 at *10.  Therefore, defendants' motion is granted as to plaintiff's UTPA claim.

C.   Declaratory Relief Claims

Plaintiff's third and fourth claims seek declaratory relief under Or. Rev. Stat. § 28.160.  Specifically, in his third claim, plaintiff "requests that this Court declare that defendants' foreclosure of the subject property was unlawful, based upon the violations of ORS 86.735 and for engaging in unlawful business and trade practices"; in his fourth claim, plaintiff "seeks a judgment declaring the rights, interests, and obligations of all parties to this action in relation to [the DOT, Note,] and Property."   Am. Compl. ¶¶ 24, 28.

"In order for a court to entertain an action for declaratory relief, the complaint must present a justiciable controversy." Brown v. Or. State Bar, 293 Or. 446, 449, 648 P.2d 1289 (1982).  A

Page 13 - OPINION AND ORDER

controversy is justiciable "where there is an actual and substantial controversy between parties having adverse legal interests" and it "involves present facts as opposed to a dispute which is based on future events of a hypothetical issue." Id. (citation omitted). As such, no justiciable controversy exists, such that declaratory relief is unavailable, where the issues before the court are moot. See Brumnett v. Psychiatric Sec. Review Bd., 315 Or. 402, 406-07, 848 P.2d 1192 (1993).

Here, plaintiff's allegations do not support the existence of a justiciable controversy because the non-judicial foreclosure sale was never completed and, additionally, defendants have represented to this Court that "there is no reasonable expectation that the claimed wrong will be repeated" because "once this case is resolved, the matter will be referred to judicial foreclosure." Defs.' Reply to Mot. Dismiss 5. As discussed above, any theories that plaintiff has regarding the wrongfulness of defendants' actions can be brought pursuant to their action for judicial foreclosure; at that time, the parties' respective rights, interests, and obligations in relation to the DOT and Property will be resolved.

Under these circumstances, Oregon District courts have routinely dismissed as moot declaratory relief claims based on an allegedly wrongful non-judicial foreclosure. See, e.g., Fisher, 2011 WL 7024965 at *2 (citing Delaney, 2011 WL 1706735 at *2; and

Page 14 - OPINION AND ORDER

Tabb, 2011 WL 4448752 at *8)); see also Durham, 2012 WL 2529188 at
*3. Accordingly, defendants' motion is granted and plaintiff's
third and fourth claims are dismissed.

D.    Breach of Contract Claim

In his fifth and final claim, plaintiff contends that
defendants breached the Note, DOT, and "the agreements controlling
the 2006-FFI Investment Trust" by failing to deal in good faith,
acting "without proper authority," and "attempt[ing] to foreclose
upon [the Property] in violation of Oregon law and by using false
certifications." Am. Compl. ¶¶ 32-33. Plaintiff also asserts that
defendants "were in a special professional, fiduciary, or
contractual relationship." Id. at ¶ 31. Thus, construing the
first amended complaint liberally and in the light most favorable,
plaintiff also alleges a breach of fiduciary duty claim.

As an initial matter, plaintiff cannot seek redress for any
breach of "the agreements controlling the 2006-FFI Investment
Trust." Id. at ¶ 33. Plaintiff is not a party to these agreements
or an investor in U.S Bank's trust. It is well-settled that a
plaintiff lacks standing to enforce the terms of a contract where
he is neither a party to, nor a third party beneficiary of, that
agreement. See Graham v. ReconTrust Co., N.A., 2012 WL 1035712, *4
(D.Or. Mar. 27, 2012) (citations omitted); Branson, 2012 WL
1473395 at *3.

Moreover, plaintiff cannot state a claim for breach of

Page 15 - OPINION AND ORDER

contract because he has not asserted, not can he, that he substantially complied with the terms of the Note or DOT. To establish a claim for breach of contract, "plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." Slover v. Or. State Bd. Of Clinical Soc. Workers, 144 Or.App. 565, 570-71, 927 P.2d 1098 (1996) (citations and internal quotations omitted).

Here, plaintiff contractually agreed to make monthly mortgage payments as required under the Note; failure to make such payments constitutes default and entitled defendants to foreclose on the Property. See Am. Compl. Ex. 1, at 3-4, 13. Therefore, when plaintiff stopped making the requisite loan repayments in October 2010, he materially breached the parties' contracts. See Commerce Mortg. Co. v. Indus. Park Co., 101 Or.App. 345, 349, 791 P.2d 132 (1990), rev. denied, 311 Or. 87 (1991) ("[w]hether a breach is material is ordinarily a question of fact for the jury; however, the issue may be determined as a matter of law where, as here, "the uncontested evidence is consistent only with the idea of a material breach"). As such, plaintiff's own actions precipitated the very conduct that he now alleges as wrongful. In other words, because plaintiff was already in default when defendants initiated non-judicial foreclosure of the Property, he cannot state a claim for breach of contract.

Page 16 - OPINION AND ORDER

The first amended complaint also fails to state with adequate specificity which terms of the parties' agreements defendants purportedly breached. In addition, the non-judicial foreclosure on which plaintiff's claim is predicated has been cancelled; thus, even if plaintiff sufficiently alleged that the commencement of non-judicial foreclosure was improper, his claim nonetheless must be dismissed because he has not suffered any damages as a result.

Further, to the extent that it is premised on defendants' role as fiduciaries, plaintiff's claim is rejected because lenders do not have a fiduciary duty towards borrowers under Oregon law. See Hogan v. N.W. Trust Servs., Inc., 2010 WL 1872945, *9 (D.Or. May 7, 2010), aff'd, 441 Fed.Appx. 490 (9th Cir. 2011); see also Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp., 320 Or. 638, 650, 891 P.2d 639 (1995). Finally, plaintiff's claim is also rejected to the extent it is based upon a breach of the covenant of good faith and fair dealing. That covenant protects the objectively reasonable contractual expectations of the parties. Slover, 144 Or.App. at 572. This duty, however, "cannot contradict an express contractual term nor does it provide a remedy for an act (even one as admittedly unpleasant as foreclosure), that is expressly permitted by the terms of the contract." Hogan, 2010 WL 1872945 at *6 (citation omitted); see also Uptown Heights, 320 Or. at 645.

As discussed above, plaintiff agreed, under the explicit terms of his loan contracts, that the Property would be subject to

Page 17 - OPINION AND ORDER

foreclosure if he failed to make the requisite monthly loan repayments. Defendants' enforcement of these terms upon plaintiffs' material default is therefore not actionable. Accordingly, defendants' motion is granted as to plaintiff's breach of contract claim. Nevertheless, because it is unclear, due to the lack of facts alleged, whether the deficiencies in the first amended complaint "could not be cured by the allegation of other facts," dismissal with prejudice is inappropriate in this case, especially in light of plaintiff's pro se status. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The TRO, however, will remain in place, thereby preventing defendants from non-judicially foreclosing, until defendants furnish proof of their judicial foreclosure action, at which time the court will issue an order dismissing plaintiff's wrongful foreclosure claim with prejudice. Plaintiff's other claims, as noted above, are dismissed without prejudice.

## CONCLUSION

Defendants' motion for judicial notice (doc. 35) is GRANTED. In addition, defendants' motion to dismiss (doc. 32) is GRANTED. This case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 5th day of November 2012.

_____
Ann Aiken
United States District Judge

Page 19 - OPINION AND ORDER